UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DENNIS L. WEST, )
)
    Plaintiff, )
)
v. ) No. 1:09-0076
) JUDGE HAYNES
CORRECTIONS CORPORATION OF )
AMERICA MEDICAL, )
)
    Defendant. )

## MEMORANDUM

Plaintiff, a prisoner in the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee,[1] filed this *pro se* action under 42 U.S.C. § 1983 against the "Corrections Corporation of America (CCA) medical" department at the South Central Correctional Facility (SCCF).[2] Plaintiff alleges that he received for an ingrown toenail while at SCCF, but the Defendant's "medical nurses did not refer [him] to Dr. Coble when asked to." (Docket Entry No. 1, ¶ IV, p. 4 cont.)

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a

---

[1] This action was transferred to this Court by the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1406(a).

[2] The complaint is clear on its face that Plaintiff is suing the CCA medical department at SCCF, rather than the CCA corporate entity. (Docket Entry No. 1, ¶ III.B, p. 4)

right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

For an action under 42 U.S.C. § 1983, a defendant must be a "bodies politic." *Monell v. Dept. of Social Security*, 436 U.S. 658, 689-90, n.53 (1978). *A* Prison medical department is not a "bodies politic" and therefore is not a "person" within the meaning of § 1983. *Hix v. Tennessee Dept. of Correction*, 196 Fed.Appx. 350, 355-356 (6th Cir. 2006)(collecting cases from other circuits). Because CCA medical department is not a "person" within the meaning of § 1983, Plaintiff has failed to state a claim on which relief may be granted and this action must be dismissed without prejudice to his underlying claim about hid lack of medical treatment.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge
11-3-09

2